# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY W. HARRIS,<br><br>                Petitioner,<br><br>     v.<br><br>HIGH DESERT STATE PRISON, Warden,<br><br>                Respondent. | Case No. EDCV 13-1593-PSG (JEM)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On December 9, 2013, the United States Magistrate Judge issued a Report and Recommendation, recommending that Petitioner's Petition for Writ of Habeas Corpus ("Petition") be denied and the action dismissed with prejudice. Thereafter, on July 8, 2014, Petitioner filed Objections to the Report and Recommendation ("Objections").

To the extent Petitioner's Objections raise new claims that were not included in the Petition, (see Objections at 18-20 (apparently alleging that the trial court's failure to give a unanimity instruction violated Petitioner's constitutional rights)), the Court declines to consider these belatedly-asserted allegations. A district court has discretion, but is not required, to consider evidence or claims presented for the first time in objections to a report and recommendation. See Brown v. Roe, 279 F.3d 742, 744-45 (9th Cir. 2002), cert. denied, 546 U.S. 1019 (2005); United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000), cert. denied, 534 U.S. 831 (2001). Although Petitioner is pro se, he nevertheless had the opportunity to include these allegations at an earlier time, but failed to do so. Moreover, Petitioner's claim

that the trial court violated his constitutional rights by failing to give a unanimity instruction is not a novel claim in an unsettled area of law.  See Sossa v. Diaz, 729 F.3d 1225, 1231 (9th Cir. 2013).  In any event, Petitioner's new allegations in the Objections appear to be unexhausted. (See Respondent's Lodged Document 7.)  As such, Petitioner's new allegations in the Objections cannot serve as a basis for habeas relief.  See 28 U.S.C. § 2254(b)(1)(A) (a federal court will not grant habeas relief to a petitioner held in state custody unless he has exhausted the available state judicial remedies).

To the extent Petitioner's Objections challenge the Magistrate Judge's findings and recommendations set forth in the Report and Recommendation, Petitioner's contentions are without merit and warrant no comment.[1]

Based on the foregoing and pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge.  Having made a de novo determination of the portions of the Report and Recommendation to which the Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.  Accordingly, IT IS HEREBY ORDERED that: (1) the Petition for Writ of Habeas Corpus is denied; and (2) Judgment shall be entered dismissing the action with prejudice.

DATED:  August 7, 2014

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Petitioner's Objections seek the appointment of counsel to represent Petitioner in this action, Petitioner's request is DENIED.  The Sixth Amendment right to counsel does not apply to habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  However, the court may appoint counsel for a habeas petitioner "if the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2).  The interests of justice require appointment of counsel when the court decides to conduct an evidentiary hearing. Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990), cert. denied, 499 U.S. 979 (1991); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).  Otherwise, the appointment of counsel is discretionary.  Terrovona, 912 F.2d at 1177; Knaubert v. Goldsmith, 791 F.2d 722, 728-29 (9th Cir.), cert. denied, 479 U.S. 867 (1986).  Here, an evidentiary hearing is not warranted because "the record refutes [Petitioner]'s factual allegations or otherwise precludes habeas relief[,]" Schriro v. Landrigan, 550 U.S. 465, 474 (2007), as set forth in the Magistrate Judge's Report and Recommendation accepted herein by the Court.  Accordingly, the interests of justice do not require the appointment of counsel.